## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

        Plaintiff,

vs.                              Case No.  3:14-cv-805-J-34JRK

RICK SCOTT, Governor, and ATTORNEY
GENERAL PAM BONDI, State of Florida
Chief Legal Officer,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status / Background

    This cause is before the Court on Plaintiff's Affidavit of Indigency (Doc. No. 2) in conjunction with Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 3), that the Court collectively construes as a Motion to Proceed In Forma Pauperis (collectively, "Motion"), both filed July 10, 2014.  Also on July 10, 2014, Plaintiff filed a Verified Complaint and Incorporated Sworn Affidavit (Doc. No. 1; "Complaint").  An initial review of the Complaint showed that the Complaint appeared subject to dismissal; therefore, on November 4, 2014, an Order (Doc. No. 14) was entered taking the Motion under advisement and directing Plaintiff to file an amended complaint.  Two days later, prior to receiving the Court's Order, Plaintiff filed a Motion for Leave to File Verified Complaint

---

[1]    Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document.  Failure to file timely objections waives a party's right to de novo review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

Amendment 1 (Doc. No. 15), and on November 26, 2014, after receiving the Court's November 4, 2014 Order, Plaintiff filed a Motion for Leave to Withdraw Verified Complaint Amendment 1 and File Verified Complaint Amendment 2 (Doc. No. 17).  On December 31, 2014, an Order (Doc. No. 22) was entered directing the Clerk to file what Plaintiff refers to as his Verified Complaint Amendment 2 as Plaintiff's Amended Complaint.  The Clerk did so on December 31, 2014.  See Amended Complaint (Doc. No. 23; "Amended Complaint").

Although Plaintiff was advised in the November 4, 2014 Order that the Court would only consider the Amended Complaint, upon review of the file and in light of Plaintiff's pro se status, the undersigned finds it appropriate to consider both filings in addressing Plaintiff's allegations.  Plaintiff's pleadings are not a model of clarity; nevertheless, it appears the crux of Plaintiff's Complaint and Amended Complaint is that Plaintiff is dissatisfied with a state court order finding him to be vexatious litigant pursuant to section 68.093 of the Florida Statutes, and the consequences resulting therefrom in state court cases to which he was (or is) a party.  A more detailed summary of the Complaint and Amended Complaint follows.

In the Complaint, Plaintiff named as Defendants the Attorney General for and the Governor of the State of Florida.  See Compl. at 1.  Plaintiff stated that he "filed a claim against the defendant's State Attorney, for loss of employment compensation, actual emotional damages, legal fees, et al, alleging violations of Florida Statute and the State Constitution for warrantless false arrest, imprisonment and seizure of personal property in non-exigent circumstances without probable cause; and, preparation and distribution of false police reports, fraud, negligence, et al; seeking remedy at law and requested a jury trial." Id. at 3.  Plaintiff claimed he attempted "to file a § 1983 action to secure his fundamental

constitutional entitlements to protection from warrantless false arrest, imprisonment and seizure of personal property . . . and to protect the process, to ensure civil redress and representation; to hear the merits meaningfully (without bias or coercion) and examine the evidence before a neutral tribunal by jury trial and provide opportunity for appeal." Id.  He claimed that "[D]efendants explicitly declined to hear and barred [P]laintiff's § 1983 action from the state court forum and thus violated Plaintiff's civil rights."  Id.  He alleged that "[D]efendants explicitly declared [P]laintiff's matter 'no longer ongoing' to deny opportunity to hear the merits of the [P]laintiff's claim meaningfully . . . ."  Id.  Plaintiff also claimed that he had clearly demonstrated a § 1983 cause of action, see id. at 4, and he requested this Court give "[P]laintiff's matter a real opportunity to be fairly and meaningfully heard with examination of evidence before a neutral tribunal with a jury," id. at 5.

In the Amended Complaint, Plaintiff expands on his allegations, specifically stating that Defendants, "citing Fla. Stat. 68.093, directed their clerk to deliberately obstruct the forma pauperis plaintiff from filing his federal constitutional challenges in his ongoing claim in the state court unless he paid court fees, obtained legal counsel and paid $1,500 security."  Am. Compl. at 5.  Plaintiff also argues that his claims are not barred by the Rooker-Feldman[2] and Younger[3] doctrines.  See Am. Compl. at 8-12.  He lists six counts, all purportedly arising under 42 U.S.C. § 1983.  See id. at 14-19.  Plaintiff summarizes his claims as follows:

> [D]efendant[]s acted to arbitrarily deprive . . . [P]laintiff equal protection under
> the law by (1) preventing . . . [P]laintiff from filing his 42 U[.]S[.]C[.] § 1983

---

[2]     See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983).

[3]     See Younger v. Harris, 401 U.S. 37 (1971).

claim in the state court forum; which is a violation of the U.S. Supremacy Clause of Article VI of the U.S. Constitution, (2) sanctioning [P]laintiff's ongoing claim (2011 CA 0112) in the state court forum citing Fla. Stat. [§] 68.093; which however, does not permit the sanction of an ongoing claim, (3) depriving . . . [P]laintiff of a jury trial secured by state law, rules and constitution[,] (4) depriving . . . [P]laintiff, determined indigent, of rights afforded to the indigent pursuant to Fla. Stat. [§] 27.52 and Fla. Stat. [§] 57.081, and, (5) depriving . . . [P]laintiff of protection from warrantless false arrest and imprisonment, and, (6) depriving . . . [P]laintiff of protection from unreasonable seizure of his property . . . .

Id. at 12-13.  As relief, Plaintiff states that "[t]his is a claim for prospective declaratory and injunctive relief," id. at 1, and he requests that this Court grant his claims "equal protection under the law" and grant "that the state court forum comply with Title 42 U[.]S[.]C[.] § 1983," id. at 20.

## II.  Discussion

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915.  The Court's decision to grant in forma pauperis status is discretionary.  See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted).  While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).  Here, it appears from the Motion that Plaintiff may be financially unable to pay the filing fee.

The Court, however, must dismiss the case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may <u>sua</u> <u>sponte</u> consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." <u>Jackson v. Farmers Ins. Group/Fire Ins. Exch.</u>, 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted). Pleadings submitted by a <u>pro</u> <u>se</u> plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. <u>Peterson v. Atlanta Hous. Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

The <u>Rooker-Feldman</u> doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments, <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1270 (11th Cir. 2009), "no matter how erroneous or unconstitutional the state court judgment may be," <u>Brokaw v. Weaver</u>, 305 F.3d 660, 664 (7th Cir. 2002) (citation omitted). Indeed, "the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." <u>Brokaw</u>, 305 F.3d at 664 (citation and quotation omitted); <u>see also</u> <u>Alvarez v. Attorney Gen. for Fla.</u>, 679 F.3d 1257, 1262 (11th Cir. 2012) (citations omitted). "The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment." <u>Casale v. Tillman</u>, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotations and citation omitted). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." <u>Id.</u> (quotations and citations omitted). If a claim is barred by the

Rooker-Feldman doctrine, the federal district court in which it is brought lacks subject matter jurisdiction.  Alvarez, 679 F.3d at 1264 (concluding that "Rooker-Feldman barred the [district] court from exercising subject-matter jurisdiction over the claim").

Similarly, the Younger abstention doctrine precludes federal courts from engaging in "undue interference with state proceedings."  New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989).  A court may abstain under Younger if (1) the state proceeding is ongoing; (2) the state proceeding "implicate[s] important state interest[s]"; and (3) the federal court plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges."  Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); see Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (recognizing that the Younger abstention doctrine applies to proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts"); 31 Foster Children v. Bush, 329 F.3d 1255, 1279 (11th Cir. 2003) (recognizing that "the plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims" (citation omitted)).  "The Younger abstention doctrine derives from "'the vital consideration of comity between the state and national governments.'"  Pompey v. Broward Cnty., 95 F.3d 1543, 1550 (11th Cir. 1996) (quoting Luckey v. Miller, 976 F.2d 673, 676 (11th Cir.1992)).

The undersigned has reviewed the Complaint, the Amended Complaint, and the various other documents filed by Plaintiff (including Doc. Nos. 16, 18, 19, and 20) and recommends that this matter be dismissed.  The undersigned notes that since May 2013,

Plaintiff has filed eleven cases in this division, including the instant case, the majority of which have been filed against the Governor and Attorney General of the State of Florida and appear to have similar allegations.[4]  Of those eleven cases, six have been closed.  In each of the six closed cases, Plaintiff's request to proceed in forma pauperis was denied, because Plaintiff's claims were barred by the Rooker-Feldman doctrine, the Younger abstention doctrine, or both.[5]

Even liberally construing Plaintiff's allegations here, regardless of how Plaintiff couches his claims using legal terms and citations to federal law, he ultimately seeks to have this Court interfere with an ongoing or closed state court proceeding–something this Court cannot do pursuant to the Rooker-Feldman doctrine or something this Court should abstain from doing pursuant to the Younger doctrine.  Indeed, the "facts" asserted by Plaintiff to support his alleged "equal protection" or "§ 1983" claims largely rest on the state court's finding that he is a vexatious litigant pursuant to Florida Statute § 68.093.  See Am. Compl. at 5-12. Plaintiff's dissatisfaction with how the state court handled his proceeding and the state court's finding that Plaintiff is a vexatious litigant does not give rise to a federal cause of action.[6]  See

---

[4]      See Case Nos. 3:13-cv-606-J-34JBT; 3:14-cv-753-J-32JBT; 3:14-cv-792-J-34JRK; 3:14-cv-793-J-39MCR; 3:14-cv-794-J-39MCR; 3:14-cv-805-J-34JRK; 3:14-cv-806-J-32JBT; 3:14-cv-812-J-39PDB; 3:14-cv-823-J-32JRK; 3:14-cv-830-J-32JBT; 3:14-cv-1018-J-34MCR.

[5]      See Order (Doc. No. 34), Case No. 3:13-cv-606-J-34JBT; Order (Doc. No. 10), Case No. 3:14-cv-753-J-32JBT; Endorsed Order (Doc. No. 35), Case No. 3:14-cv-793-J-39MCR; Order (Doc. No. 11), Case No. 3:14-cv-806-J-32JBT; Order (Doc. No. 11), Case No. 3:14-cv-823-J-32JRK; Order (Doc. No. 13), Case No. 3:14-cv-830-J-32JBT.

[6]      Plaintiff's argument that his claims are not barred by the Rooker-Feldman and Younger doctrines because he was precluded from raising his claims in state court is unavailing.  See Am. Compl. at 9-10, 12.  As noted by the Honorable Timothy J. Corrigan, United States District Judge, in one of the other cases filed here by Plaintiff, the state court order declaring Plaintiff a vexatious litigant "required–among other things–that Macleod obtain counsel and pay filing fees before filing any further
(continued...)

generally <u>Berman v. Fla. Bd. of Bar Examiners</u>, 794 F.2d 1529, 1530 (11th Cir. 1986) (affirming the district court's dismissal of Plaintiff's suit for lack of subject matter jurisdiction and citing to the <u>Feldman</u> decision; the Court explained that the plaintiff's suit brought under § 1983 was "clearly a challenge to a state court judicial proceeding"); <u>Zisser v. The Fla. Bar</u>, 747 F. Supp. 2d 1303, 1316 (M.D. Fla. 2010) (discussing the <u>Rooker-Feldman</u> doctrine and noting that "the <u>Rooker-Feldman</u> doctrine bars federal district courts from entertaining challenges to state court decisions").  This Court cannot police the state courts or interfere with their ability to regulate their judicial system.  As stated by the United States Court of Appeals for the Eleventh Circuit,

> Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings. The state courts are courts of equal dignity with all of the federal "inferior courts"—to use the Framers' phrase—and state courts have the same duty to interpret and apply the United States Constitution as we do. If the state courts err in that respect, the remedy lies in review by the Supreme Court, the same place a remedy may be found if we err. Federal "inferior courts" have no more business issuing supervisory injunctions to safeguard federal constitutional rights in state court proceedings than state courts have issuing such injunctions to safeguard federal constitutional rights in federal court proceedings.

<u>Pompey</u>, 95 F.3d at 1550.

As noted above, Plaintiff is no stranger to this Court, and the cases he has filed here are strikingly similar.  Plaintiff has been recently advised by the Honorable Timothy J. Corrigan, United States District Judge, and the Honorable Brian J. Davis, United States

---

[6](...continued)
pleadings.  The Order prohibited Macleod from filing any future cases and continuing any ongoing cases as a <u>pro se</u> litigant pursuant to section 68.093, Florida Statutes 2011. While the Order placed restrictions on Macleod, it did not prohibit or bar him from seeking relief in the state court."  <u>Macleod v. Scott</u>, No. 3:14-cv-823-J-32JRK, 2014 WL 6675627, at *3 n.2 (M.D. Fla. Nov. 24, 2014) (unpublished).

-8-

District Judge, that "'[t]his Court cannot interfere with pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts ability to perform their judicial functions.'" Macleod v. Scott, Case No. 3:14-cv-793-J-39MCR, Order (Doc. No. 30) (M.D. Fla. Jan. 1, 2015) (quoting Macleod v. Scott, Case No. 3:14-cv-806-J-32JBT, Order (Doc. No. 24) (M.D. Fla. Nov. 24, 2014).  In sum, as found by Judge Corrigan and Judge Davis, this Court lacks jurisdiction to grant Plaintiff the relief he requests.[7]

Accordingly, it is

**RECOMMENDED THAT**:

1.      Plaintiff's Affidavit of Indigency (Doc. No. 2) in conjunction with Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 3), that the Court collectively construes as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.      This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3.      The Clerk be directed to terminate all pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 5, 2015.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

---

[7]       See Order (Doc. No. 10), Case No. 3:14-cv-753-J-32JBT; Order (Doc. No. 30), Case No. 3:14-cv-793-J-39MCR; Order (Doc. No. 11), Case No. 3:14-cv-806-J-32JBT; Order (Doc. No. 11), Case No. 3:14-cv-823-J-32JRK; Order (Doc. No. 13), Case No. 3:14-cv-830-J-32JBT.

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

<u>Pro</u> <u>se</u> party