# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD
        Plaintiff/Affiant                                    Case No. 3:14-cv-00805-J-34JRK

vs.

        GOVERNOR RICK SCOTT &                    JURY TRIAL REQUESTED
        ATTORNEY GENERAL PAM BONDI
STATE OF FLORIDA CHIEF LEGAL OFFICER
_____Defendants_____/

June 26th, 2015

## VERIFIED COMPLAINT AMENDMENT 4

Plaintiff, ROBERT CRAIG MACLEOD, sues the defendants, Governor Rick Scott and Attorney

General Pam Bondi, in their official capacities in the State of Florida and states:

## CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

1)    This is a claim for prospective declaratory and injunctive relief, against defendants, persons, Governor

Hon. Rick Scott, in his official capacity as Governor of the State of Florida responsible to procure and

secure protection to life, liberty, and property of the inhabitants of the State of Florida; and, Attorney

General Pam Bondi, in her official capacity as the Chief Legal Officer of the State of Florida charged to

ensure the civil rights of Floridians; who under color of authority, are required to secure the Plaintiff's

fundamental constitutional entitlements and protections under the Supremacy Clause of Article VI of the

United States Constitution and the Due Process and Equal Protection Clauses of the Fourteenth

Amendment; secured by 42 U.S.C. § 1983.

    The Plaintiff's claim clearly arises under the Constitution for purposes of § 1331, in view of the fact that the

Defendants, acting in their official capacities through their agents, injured the Plaintiff -[1] by issuing a nonfinal

appealable "Flagler County Seventh Circuit vexatious litigant order" (Doc. 11, 11-2) to deprive Plaintiff of

entitlements provided under the Supremacy Clause of Article VI of the United States Constitution and the Due

---

[1]    Loss of employment compensation, actual emotional damages, punitive award, legal fees, et al, alleging violations of Florida Statute and the State Constitution for warrantless false arrest, imprisonment and unreasonable seizure of personal property in non-exigent circumstances without investigation, knowledge of a crime (or crime scene) or establishment of probable cause, et al..

Process and Equal Protection Clauses of the 14th Amendment which provide protections offered under state law (like the Florida Vexatious Litigant Statute, *in forma pauperis* statutes and jury trial statutes), rules, constitution and authority for those similarly situated in the State of Florida. [2] The federal question jurisdiction of the district courts also encompasses Plaintiff's cause of action created by federal statute 42 U.S.C. § 1983, which explicitly authorizes a private remedy for Defendants' agents enacting a nonfinal appealable "Flagler County Seventh Circuit vexatious litigant order" (Doc. 11, 11-2) to deprive Plaintiff of entitlements that were taken under color of state law and violated rights secured by federal law. [*Grable and Sons Metal Products v. Darue Engineering and Manufacturing*, 545 U.S. 308, 312 (2005)] In such cases, federal law both creates the cause of action, supplying the underlying substantive rules that govern defendants' conduct, and authorizes Plaintiff to enforce the rights created. [3]

Section 1983 provides a federal cause of action for a plaintiff alleging that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the act or omission was committed by a person acting under color of state law. [4]

## PARTIES

2) Plaintiff, Robert Craig MacLeod, is a natural person who resided at 34 Russman Lane, Palm Coast, County of Flagler, Florida 32164, at the time of the events creating his cause of action, now resides at c/o Ms. Laurel MacLeod, 59 Hardison Rd, Rochester, County of Monroe, NY 14617, (386) 334-0864.

3) Defendants are natural persons in their official capacities, Hon. Rick Scott, Governor of the State of Florida receiving service at Legal Office at The Capitol, 400 S. Monroe Street, Tallahassee, FL 32399-0001; and, Pam Bondi, Attorney General, the Chief Legal Officer of the state of Florida receiving service at Legal Office at The Capitol - Collins Building, 107 West Gaines St., Tallahassee, FL 32301.

2 Federal Practice Manual for Legal Aid Attorneys 2.3B.1
3 Federal Practice Manual for Legal Aid Attorneys 2.3B.1
4 *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); verified by *DeAngelo v. Butterfield*, Dist. Court, MD Florida (2014); citing *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987); which defines a federal cause of action under Title 42 USC § 1983

## JURISDICTION

4)    Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

5)    This action is brought pursuant to Title 42 U.S.C. § 1983 for violations of statute and protections afforded to the claimant (actionable under the Supremacy Clause of Article VI of the United States Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution) by the Defendants through their agents agents under color of authority in their individual official capacities as Governor and Attorney General of the State of Florida.

6)    This Court has jurisdiction by 42 U.S.C. § 1983 and federal question jurisdiction, 28 U.S.C. § 1331, which states, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." [See 28 U.S.C. § 1331] The primary test that has been developed for determining whether a civil action arises under the Constitution or laws of the United States for purposes of § 1331 requires (1) a substantial federal element [Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) and its progeny where "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"] and (2) such element being part of the plaintiff's "well-pleaded complaint." [Taylor v. Anderson, 234 U.S. 74, 75-76 (1914). Also see Chapter 2.3.B Section 1331, Federal Practice Manual for Legal Aid Attorneys.]

**Well-Pleaded Complaint:**  [5]  Plaintiff's action "arises under" the Constitution or federal law, and the federal question appears on the face of Plaintiff's complaint; it being a "well-pleaded complaint."[See Complaint paragraph 1]

Under state law, the Defendants have provided jury trials to all those similarly situated to the Plaintiff, which (being the instant case) becomes (is) a federal right secured by the Equal protection Clause of the

Fourteenth Amendment under Section 1983. Plaintiff demanded a jury trail which demand obligated the Defendants to provide a jury trial as a matter of law. [Fla. Stat. 51.011, Fla. R. Civ. P. 1.430, and, Fla. Const. Art. I, Sec. 22, Jury Trial]

To modify the law to deny a jury trial; the Defendants modified the vexatious litigant law (as one fabrication often leads to another fabrication). The Flagler County Seventh Circuit intentionally declared the Plaintiff "vexatious" to (1) deny its lawful and constitutional state obligation to provide Plaintiff's demanded jury trial, (2) place conditions on Plaintiff's ongoing concern and potential federal claims, (3) deny court access to the poor Plaintiff who was granted leave to proceed *in forma pauperis*, (4) deny Plaintiff's ongoing concern the protections afforded under the Florida Vexatious Litigant Statute and (5) block federal equal protection of the erroneous application of the "Florida Vexatious Litigant statute." The State's vexatious litigant statute in pertinent part, section 68.093(4), forbids placing conditions on an "ongoing" concern. [See *Walker v. Ellis*, 989 So.2d 1250, 1251, 1252 (Fla. 1st DCA 2008); and, *Walker v. McNeil*, 2 So. 3d 1068, 1069 (Fla. 1st DCA 2009)]    Indeed, by placing conditions on the Plaintiff's "ongoing" claim and placement of federal claims; the Defendants' Flagler County Seventh Circuit Order treated the Plaintiff differently under the Florida vexatious litigant statute, *in forma pauperis* statutes, jury trial statutes and the federal Supremacy Clause than those similarly situated as established by authority.

**Substantial Federal Element:** -[6]  A case clearly arises under the Constitution for purposes of § 1331 when the Plaintiff claims, for example, that a government officer or employee, acting in his or her official capacity, injures the plaintiff by taking an action that violates a provision of the Constitution. The federal question jurisdiction of the district courts also encompasses causes of action created by federal statutes, such as 42 U.S.C. § 1983, which explicitly authorizes a private remedy for acts that are taken under color of state law and violate rights secured by federal law. [*Grable and Sons Metal Products v. Darue*

---

[6]   Federal Practice Manual for Legal Aid Attorneys 2.3.B.1

*Engineering and Manufacturing*, 545 U.S. 308, 312 (2005)] In such cases, federal law both creates the cause of action, supplying the underlying substantive rules that govern defendants' conduct, and authorizes Plaintiffs to enforce the rights created. The Plaintiff has plainly stated on the face of his complaint that a government officer or employee, acting in his or her official capacity, injured the plaintiff by taking an action that violates provisions of the Constitution.

**What Type of Order is Under Consideration?:** To oppose Plaintiff jurisdiction, an adverse interest might erroneously label the order herein under consideration a "Florida State Court Order" (i.e., a final or conclusive judgment on the merits) for which only the U.S. Supreme Court has jurisdiction. However, the Order under consideration is a nonfinal, [7] appealable, plainly labeled "Flagler County Seventh Circuit vexatious litigant order" (Doc. 11, 11-2) for which only the District Court has jurisdiction. This Flagler County Seventh Circuit Order barred the Plaintiff from placing a federal claim to obtain a final "Florida State Court Order" concerning Plaintiff's federal rights by placing financial conditions on the Plaintiff who had already been granted leave to proceed *in forma pauperis* by the Flagler County Seventh Circuit. Placing financial conditions on a party who had been granted leave to proceed *in forma pauperis* without showing a "serious misrepresentation" is a violation of state statutes Fla. Stat. 27.52, Fla. Stat. 57.081 and federal 28 U.S.C. § 1915 and a violation of Plaintiff's "matter of right" to appeal under Florida Constitution Article V Section 4(b)(1). [*Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004)] The United States Supreme Court has historically and continued to instruct that placing "any" conditions on a party seeking vindication of a federal right (importantly a party who had been granted leave to proceed *in forma pauperis*) deprives the party of adequate opportunity to file his federal claims and is inconsistent with the Supremacy Clause of Article VI of the U.S. Constitution which mandates that

---

7 A nonfinal Flagler County Seventh Circuit order where there has been no opportunity for state appellate review of the proceedings, is not interlocutory intertwined with a final Florida State Court Order, is not subject to Rooker, and is appealable directly to Federal District Courts. *Nicholson v. State,* 558 F.3d 1266 (11th Cir. 2009) Citing *Amos v. Glynn County Bd. of Tax Assessors,* 347 F.3d 1249, 1266 n 11 (11th Cir. 2003), citing *David Vincent, Inc. v. Broward County,* 200 F.3d 1325, 1332 (11th Cir. 2000); citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 24-25 (1st Cir. 2005)

states cannot "place conditions on the vindication of federal rights." [*Felder v. Case*, 487 U.S. 131, 108
S. Ct. 2302, 101 L. Ed. 2d 123 (1988); Where 'state statute cannot place conditions on the

individual's federal claim']

If a judge is oblivious (or is misinformed) of what type of Order is being adjudicated any

determination would be "clearly erroneous". The district court lacks discretion to adjudicate a matter

without understanding or properly discriminating the type of order under adjudication especially where its

determination would not conform to the well established Eleventh Appellate Circuit rulings.  It is

inconceivable that an experienced federal district court judge would not know the difference between a

"Florida State Court Order" (i.e., a final or conclusive order on the merits) and a "Flagler County Seventh

Circuit order." Such lack of discretion would pose due process problems; i.e., a miscarriage of justice.

Plainly, there can be no credible adjudication where the court is oblivious to what type of order is

under consideration.

**The Requirements for Younger Abstention:** From *Younger v. Harris*, 401 U.S. 37 (1971) and its

progeny, -[8] for Younger abstention to apply, an adverse interest would have to show that there is an

ongoing state judicial proceeding in which the Plaintiff could raise his constitutional claims.  The nonfinal

appealable Flagler County Seventh Circuit (Doc. 11, 11-2) vexatious order dismissed Plaintiff's claim.

And, by raising conditions, the order barred the Plaintiff from appealing the order or raising federal issues

forever dismissing Plaintiff's claim.

**Rooker-Feldman Abstention:** Clearly, lack of grounds for abstention under Younger is not a basis

for abstention under Rooker-Feldman; though an adverse interest might pose such an irrational if not

preposterous proposition; completely without authority.  Abstention doctrines are not a grab-bag of ill-

mannered propositions without definition, but, have exquisitely defined requirements for abstention.  The

---

8

*Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73
L.Ed2d 116 (1982); *Old Republic Union Ins Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997) *Kelm v. Hyatt*, 44
F.3d 415, 419 (6th Cir. 1995); *Doscher v. Menifee Circuit Court*, 75 Fed Appx 996, 997 (6th Cir. 2003)

*Exxon Mobil* Court [*Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 292 (2005)] emphasized the narrowness of the Rooker-Feldman Doctrine. [9] The criteria for Rooker-Feldman abstention are summarized in *Nicholson v. Shafe* 558 F. 3d 1266, 1272 (11th Cir. 2009); Citing *Amos v. Glynn County Bd. of Tax Assessors,* 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003) and its citations.

**First Requirement for Rooker Feldman Abstention:** From *Nicholson, id,* for Rooker-Feldman abstention to apply, an adverse interest would have to show that the order under consideration was a "Florida State Court Order;" i.e., a final or conclusive judgment on the merits where all federal issues have been resolved ostensibly issued by the Florida Supreme Court, the highest state appellate court. All preceding orders in the instant matter simply fail to address this requirement for Rooker abstention postulating the nonconformance (that "Rooker must apply if Younger doesn't") without support; which is a clearly erroneous unsupported proposition abusing discretion. In prior orders of this court, not a single case considering a non-final order has been cited; though, there are 100s, many are cited herein.

On the face of the Flagler County Seventh Circuit vexatious litigant order, it clearly states that it is an order issued by the Flagler County Seventh Circuit (Doc. 11, 11-2); which is a nonfinal appealable order. An adverse interest would have to show how or by what measure the Flagler County Seventh Circuit vexatious litigant order was actually a final or conclusive judgment on the merits issued by the Florida Supreme Court; i.e., a "Florida State Court Order" and that it resolved all federal claims; of course, such a proposition would not be factual and therefore fatally flawed.

**Second Requirement for Rooker Feldman Abstention:** From *Nicholson, id,* for Rooker-Feldman abstention to apply, an adverse interest would have to show that the Plaintiff seeking relief in federal court has no right to the "adequate opportunity" protection under the Supremacy Clause cause of action to raise his federal claims in the state court proceeding. The heretofore orders simply fail to address this

---

[9] See *Lance v. Dennis,* 546 U.S. 459, 464 (2006). (noting that Court in Exxon Mobil found that Rooker–Feldman "is a narrow doctrine").

requirement for Rooker abstention postulating the nonconformance (that "Rooker must apply if Younger

doesn't") without support, which is a clearly erroneous unsupported proposition abusing discretion.

To sidestep this requirement an adverse interest might refuse to offer any argument or citation contrary

to the opinion of the United States Supreme Court in *Felder v. Casey*, 487 U.S. 131, 147 108 S. Ct.

2302, 101 L. Ed. 2d 123 (1988) (and its progeny) which holds that the Supremacy Clause of Article VI

of the United States Constitution provides:

"States retain the authority to prescribe the rules and procedures governing suits in their
courts. **That authority does not extend so far as to permit States to place conditions on the
vindication of a federal right.**" [*Felder, id,* at 147 and Syllabus, Pp. 487 U.S. 146-150][10]

In the face of the United States Supreme Court opinion, the Flagler County Seventh Circuit raised

conditions (requiring payment of filing fees, obtaining counsel, and paying a $1,500 security bond) against

the Plaintiff (proceeding *in forma pauperis*) barring any opportunity to raise his constitutional claims;

which claims are waiting to be heard in the federal District Court jurisdiction.

A rejection of Supreme Court Opinion is found in Case 3:14-cv-00794-BJD-MCR Doc. 25 at 7]:

""To the degree to which Plaintiff argues that the [non-final] Vexatious Litigant Order denied
him an adequate opportunity to raise constitutional challenges in the state-court proceedings the
Court "rejects" that argument Plaintiff was not precluded from raising constitutional challenges
in Florida state court, he was merely required to comply with "**conditions**" for doing so."

In excess of any jurisdiction and without citation, a District Court has no jurisdiction to flatly "reject" the

United States Supreme Court opinion (which creates Plaintiff's cause of action, see page 1) in *Felder, id,* at

147 [See Case No. 3:14-cv-00794-BJD-MCR Doc. 29 at 2] which serves as the bedrock for

Plaintiff's federal claim. To diminish the cause of action created by the Supreme Court opinion an adverse

interest might label Supreme Court "opinion," as "argument."

A rejection of Supreme Court Opinion is also found in 3:14-cv-00793-BJD-MCR Doc. 30 at 9, n. 8:

Under *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1385 (11ᵗʰ Cir. 1993); *Copeland v. Green*, 949 F.2d 390, 391 (11ᵗʰ
Cir. 1991) and *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citation omitted), courts have the right to manage
their dockets with perfunctory orders but ." **That authority does not extend so far as to permit States to place conditions
on the vindication of a federal right.**" [*Felder, id,* at 147 and Syllabus, Pp. 487 U.S. 146-150]

""To the degree to which Plaintiff alleges that the State Court Order denied him an adequate opportunity to raise constitutional challenges in the state-court proceedings, the State Court Order did not preclude Plaintiff from asserting constitutional challenges in Florida state court - it "simply set conditions" for doing so.""

Clearly, these rejections were made in excess of "all" jurisdiction as plainly spelled out by the Supreme Court in *Felder v. Casey*, 487 U.S. 131, 147 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988). As such, the involved judges are liable for financial damages pursuant to this unsupportable statement which is

merely a baseless proposition offered without references and in excess of any jurisdiction.

In other cases we find this same erroneous rejection of Supreme Court Opinion:

"*Macleod v. Scott*, No. 3:14-CV-806-J-32JBT, 2014 WL 667518, at *3 n.2 (M.D. Fla. Nov. 24, 2014) ("While the Order placed restrictions on Macleod, it did not prohibit or bar him from seeking relief in the state court."); *Macleod v. Scott*, No. 3:14-CV-823-J-32JRK, 2014 WL 667627, at *3 (M.D. Fla. Nov. 24, 2014) ("While the Order placed restrictions on Macleod, it did not prohibit or bar him from seeking relief in the state court."); *Macleod v. Scott*, No. 3:14-CV-830-J-32JRK, 2014 WL 675640, at *3 n.2 (M.D. Fla. Nov. 24, 2014) ("While the Order placed restrictions on Macleod, it did not prohibit or bar him from seeking relief in the state court.")."

These propositions (rejecting Supreme Court opinion) all espouse this same deficiency and consequently all have outstanding motions for relief which, as yet, remain unresolved.

*Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir. 1983) (precedential 11th Appeals Circuit authority) makes it plain that the District Court has jurisdiction where the [Flagler County Seventh Circuit] court raised "conditions" depriving the Plaintiff of adequate or reasonable opportunity to vindicate his federal rights:

"...interpreting *Rooker* to preclude a federal district court from considering an issue that the plaintiff had **no reasonable opportunity** to raise in state court might **pose due process problems.** Such a harsh rule might deprive the plaintiff of any forum, state or federal, where he has a reasonable opportunity to present his federal constitutional claims, a result arguably contrary to the requirements of due process."

For the foregoing reasons, we hold that the Rooker bar can apply only to issues that the plaintiff had a reasonable opportunity to raise. [*Wood v. Orange County*, 715 F.2d 1543, 1547-1548 (11th Cir. 1983)]

[Since the Plaintiff could not raise his issues in the state court forum], "The plaintiffs' allegations were not "inextricably intertwined" with the state court judgment."

*Wood, id,* demonstrates that District Court intervention is authorized in cases where a Flagler County Seventh Circuit Court has placed conditions on the vindication of Plaintiff's federal rights applying a non-final vexatious order or any other nonfinal orders and judgments. [See *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir. 1983) (District Court had jurisdiction); *Lance v. Dennis,* 546 U.S. 459, 464 (2006) (District Court had jurisdiction)]

**Third Requirement for Rooker Feldman Abstention:** From *Nicholson, id,* for Rooker-Feldman abstention to apply, an adverse interest would have to show that the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. All preceding orders simply fail to address this requirement for Rooker abstention postulating the nonconformance (that "Rooker must apply if Younger doesn't") without support; which is a clearly erroneous unsupported proposition abusing discretion.

In Plaintiff's *Complaint* he states summarizing the court record:

**On May 10th, 2013:** Plaintiff noticed the Flagler County Seventh Circuit of his intent to file a § 1983 action.

**On May 13th, 2013:** To deprive the Plaintiff of the right to vindicate his federal claims, the Defendants, citing Fla. Stat. 68.093, dismissed Plaintiff's action in the Flagler County Seventh Circuit unless he complied with conditions (paid court fees, obtained legal counsel and paid $1,500 security). The Defendant's (having previously granted the Plaintiff leave to proceed *in forma pauperis*) knew the Plaintiff could not comply with these requirements and thereby intentionally barred the Plaintiff from adequate opportunity to place his federal claims in the Flagler County Seventh Circuit. A clear violation of federal right for equal protection, due process, and protection under the Supremacy Clause.

**On May 13th, 2013:** the Defendants, citing Fla. Stat. 68.093, directed their clerk to deliberately deny the *forma pauperis* plaintiff from filing his federal constitutional challenges in the Flagler County Seventh Circuit unless he paid court fees, obtained legal counsel and paid $1,500 security.

**On June 5th, 2013:** the Flagler County Clerk refused to accept plaintiff's 42 USC § 1983 claim in the Flagler County Seventh Circuit forum pursuant to the Defendant's failure to provide equal protection, due process, or protection of the Supremacy Clause.

These statements have all been verified in the evidence provided in a Sworn Affidavit before this court.

Clearly, the Plaintiff's federal claim before the federal court has not been adjudicated by the Flagler County Seventh Circuit.

Next, the Plaintiffs' allegations are not "inextricably intertwined" with a "Florida State Court Order", simply because there has been no "Florida State Court Order" only a Flagler County Seventh Circuit appealable Order. *If* there has been no "Florida State Court Order" *then* "The plaintiffs' allegations are not "inextricably intertwined" with "Florida State Court Order;" accordingly, the District Court has jurisdiction to review a challenge to a non-final appealable Flagler County Seventh Circuit vexatious order and any other non-final state court orders and judgments which bar the placement of federal claims.

From *Wood v. Orange County*, 715 F.2d 1543, 1547-1548 (11th Cir. 1983)]]

[Since the Plaintiff's issues were not raised in the state court forum], "The plaintiffs' allegations were not "inextricably intertwined" with the "Florida State Court Order.""

Making this point clear, it is confirmed in *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999) (District Court had jurisdiction) where "an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings" and *Long* at 562, "the district court's judgment that the Rooker-Feldman doctrine precluded it from exercising subject matter jurisdiction over Long's complaint is REVERSED and this case is REMANDED] to District Court jurisdiction for further proceedings (showing District Courts do have jurisdiction to intervene in state court proceedings). See also, *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) showing District Courts do have jurisdiction to intervene in state court proceedings where, "If the party had no reasonable opportunity, this court considers "that the federal claim was not "inextricably intertwined" with the state court's judgment."" "And we have held that "the *Rooker-Feldman* doctrine does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits."" [*Simes v. Huckabee*, 354 F.3d 823, 830 (8th Cir. 2004) where the

District Court decision to abstain was REVERSED and REMANDED) to District Court showing District

Courts do have jurisdiction to intervene in state court proceedings). In *Brokaw v. Weaver*, 305 F.3d 660,

665 (7th Cir. 2002); "because Browkaw did not have a reasonable opportunity to raise her claims in state

court"; and "an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not

have a reasonable opportunity to raise the issue in state court proceedings" (*Brokaw*, 305 F.3d at 668) the

District Court decision to abstain based on Rooker-Feldman was REVERSED and REMANDED)

(*Brokaw*, 305 F.3d at 671) showing District Courts do have jurisdiction to intervene in state court

proceedings.

Since the Flagler County Seventh Circuit (nonfinal) vexatious order dismissed Plaintiff's matter in the

Flagler County Seventh Circuit court forum, the Plaintiff had no open proceeding to file his constitutional

claims, foreclosing Younger.

Since the Flagler County Seventh Circuit (nonfinal) vexatious order prevented appeal of its self and

barred any proposed state or federal matter, it remains non-final foreclosing Rooker-Feldman which is

applicable only to final "Florida State Court Orders"; i.e., State Supreme Court Orders. Since the non-final

vexatious order placed insurmountable financial conditions on the Plaintiff proceeding *in forma pauperis*,

the Plaintiff did not have adequate opportunity to file his constitutional claims in the state court forum

foreclosing both Younger and Rooker-Feldman doctrines.

Accordingly, Flagler County Seventh Circuit (nonfinal) orders where there has been no adequate

opportunity for state appellate review of the proceedings, are not inextricably intertwined with a state court

order, are not subject to Rooker, and are appealed directly to the District Courts. *Nicholson v. Shafe* 558 F.

3d 1266, 1272 (11th Cir. 2009) Citing *Amos v. Glynn County Bd of Tax Assessors*, 347 F.3d 1249, 1266 n.

11 (11th Cir. 2003); citing *David Vincent, Inc. v. Broward County*, 200 F.3d 1325, 1332 (11th Cir.2000);

citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.

3d 17, 24-25 (1st Cir. 2005)

**This Federal District Court has jurisdiction:** Plaintiff's appeal is under federal District Court

jurisdiction where the District Court is required to review Flagler County Seventh Circuit nonfinal orders

placing conditions on the vindication of Plaintiff's federal rights; or where the plaintiff has been denied

adequate opportunity to file constitutional claims or denied opportunity to obtain a final state court

judgment on the merits. [11] [12] [13]

Where vital state interests are involved, a federal court should abstain "unless state law

[Fla. Stat. 68.093] clearly bars the interposition of the constitutional claims." [*Moore v.*

*Sims,* 442 U.S. 415, 426 (1979). Affirmed *Middlesex County Ethics Comm. v. Garden*

*State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed2d 116 (1982).

Adopted by *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003) and *Old*

*Republic Union Ins. Co. v. Tillis Trucking Co,* 124 F.3d 1258, 1261 (11th Cir. 1997)]

"The... **pertinent inquiry** is whether the state proceedings afford an adequate

opportunity to raise the constitutional claims . . . ." [*Moore, id.* at 430. [See also *Gibson v.*

*Berryhill,* 411 U.S. 564 (1973)]]

Furthermore, *Wood, id.* (precedential 11th Appeals Circuit authority) makes it plain that the District

Court has jurisdiction where the Flagler County Seventh Circuit raised "conditions" depriving the Plaintiff

of adequate or reasonable opportunity to vindicate his federal rights:

"…interpreting *Rooker* to preclude a federal district court from considering an issue

that the plaintiff had **no reasonable opportunity** to raise in state court might pose **due**

**process problems.** Such a harsh rule might deprive the plaintiff of any forum, state or

federal, where he has a reasonable opportunity to present his federal constitutional claims, a

result arguably contrary to the requirements of due process."

For the foregoing reasons, we hold that the Rooker bar can apply only to issues that the

plaintiff had a reasonable opportunity to raise. [*Wood v. Orange County,* 715 F.2d 1543,

1547-1548 (11th Cir. 1983)]

---

[11] *Berman v. Fla. Bd. of Bar Examiners,* 794 F.2d 1529, 1530 (11th Cir. 1986), *Zisser v. The Fla. Bar,* 747 F. Supp. 2d 1303, 1314-15 (M.D. Fla. 2010) finding that District Courts have jurisdiction where there is no State Supreme Court final or conclusive judgment on the merits, The "non-final vexatious order" deprived the Plaintiff of a final state court judgment on the merits of the claim. See generally *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923), *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482-83 (1983), *Green v. Jefferson County Comm'n,* 563 F.3d 1243, 1249 (11th Cir.), *cert. denied,* 130 S. Ct. 199 (2009)

[12] Non final orders where there has been no adequate opportunity for state appellate review of the proceedings, are not irrebuttably intertwined with a state court order, are not subject to Rooker, and are appealed directly to the District Courts. *Nicholson v. Shafe,* 558 F. 3d 1266 (11th Cir. 2009) Citing Amos Test *Amos v. Glynn County Bd of Tax Assessors,* 347 F3d 1249, 1266 n. 11 (11th Cir. 2003), citing *David Vincent, Inc. v. Broward County,* 200 F.3d 1325, 1332 (11th Cir.2000), citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 1 17-25 (1st Cir. 2005)

[13] *Casle v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009) Citing *Powell v. Powell,* 80 F.3d 467 (11th Cir.1996) *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir. 1983) Where, "It [Rooker Doctrine] does not apply, however, where a party did not have a "reasonable opportunity" to raise his federal claim in state proceedings."

[Since the Plaintiff could not raise his issues in the state court forum], "The plaintiffs' allegations were not "inextricably intertwined" with the state court judgment"

For certain, *Wood, id,* demonstrates that district court intervention is authorized in cases where the Flagler County Seventh Circuit court has placed conditions on the vindication of Plaintiff's federal rights applying a non-final vexatious order or any other Flagler County Seventh Circuit nonfinal orders and judgments. [See *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir. 1983) (District Court had jurisdiction); *Lance v. Dennis,* 546 U.S. 459, 464 (2006) (District Court had jurisdiction)]

*Hupp v. Cnty. of San Diego* [2014 WL 2892287, *4 (S.D. Cal. June 25, 2014)], confirms (concerning a challenge to a vexatious order and any other state court orders and judgments) that *if* a plaintiff has no adequate opportunity to file constitutional claims in state circuit court proceedings and has been barred from appeal to obtain a final or conclusive state Supreme Court judgment on the merits *then* the federal District Courts have jurisdiction as Rooker-Feldman is foreclosed. *Sconiers v. Smith* [2010 WL 2773306, *4 (E.D. Cal. July 13, 2010)], confirms (concerning procedural matters) that *if* a plaintiff has no adequate opportunity to file constitutional claims in state circuit court proceedings and has been barred from appeal to obtain a final or conclusive state Supreme Court judgment on the merits *then* the federal District Courts have jurisdiction and the United state's Supreme Court has no jurisdiction. *Bashkin v. Hickman* [411 F. App'x 998, 999 (9th Cir. 2011)] confirms (concerning a challenge to a vexatious order and any other state court orders and judgments) that *if* a plaintiff has no adequate opportunity to file constitutional claims in state circuit court proceedings and has been barred from appeal to obtain a final or conclusive state Supreme Court judgment on the merits *then* there is no "forbidden *de facto appeal* of final or conclusive state Supreme Court judgment on the merits" as there is no final (Supreme Court) state court judgment and federal District Courts have jurisdiction and the United States Supreme Court has no jurisdiction.

These conclusions are fully consistent with *Wood,* 715 F.2d 1547-1548 *id,* where *if* there is no adequate opportunity to raise constitutional claims in the state court forum for appellate review *then* "The plaintiffs' allegations are not "inextricably intertwined" with the state court judgment;" accordingly, the

District Court has jurisdiction to review a challenge to a non-final Flagler County Seventh Circuit vexatious order and any other non-final Flagler County Seventh Circuit court orders and judgments.  Also, "*Rooker-Feldman* does not bar a claim where a party lacked a reasonable opportunity to raise the issue in state proceedings and "It is well-settled that a federal district court has jurisdiction to review, reverse, or invalidate a non-final state court decision" *Dale v. Moore,* 121 F.3d 624, 626 (11th Cir.1997) (showing District Courts do have jurisdiction to intervene in state court proceedings) [*See District of Columbia Court of Appeals v. Feldman,* 460 U.S. at 476, 103 S.Ct. at 1311; *Rooker v. Fidelity Trust Co.,* 263 U.S. at 416, 44 S.Ct. at 150].  Confirmed in *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 558 (7th Cir.1999) (District Court had jurisdiction) where "an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings" and *Long* at 562 "the district court's judgment that the Rooker-Feldman doctrine precluded it from exercising subject matter jurisdiction over Long's complaint is REVERSED and this case is REMANDED to District Court jurisdiction for further proceedings (showing District Courts do have jurisdiction to intervene in state court proceedings).  See also, *Powell v. Powell,* 80 F.3d 464, 467 (11th Cir.1996) showing District Courts do have jurisdiction to intervene in state court proceedings where, "If the party had no reasonable opportunity, this court considers "that the federal claim was not 'inextricably intertwined' with the state court's judgment.'"" "And we have held that "the *Rooker-Feldman* doctrine does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits.'" [*Simes v. Huckabee,* 354 F.3d 823, 830 (8th Cir. 2004) where the District Court decision to abstain was REVERSED and REMANDED to District Court showing District Courts do have jurisdiction to intervene in state court proceedings).  In *Brokaw v. Weaver,* 305 F.3d 660, 665 (7th Cir. 2002); "because Browkaw did not have a reasonable opportunity to raise her claims in state court," and "an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings" (*Brokaw,* 305 F.3d at 668) the

District Court decision to abstain based on Rooker-Feldman was REVERSED and REMANDED (*Brokaw*, 305 F.3d at 671) showing District Courts do have jurisdiction to intervene in state court proceedings.

In *Berman v. Fla. Bd. of Bar Examiners*, 794 F.2d 1529, 1530 (11th Cir. 1986); and, *Zisser v. The Fla. Bar*, 747 F. Supp. 2d 1303, 1314-15 (M.D. Fla. 2010); it was determined only State Supreme Court orders are final orders appealable to the United States Supreme Court; accordingly, nonfinal orders barred from appeal to higher state court authority (like the non-final vexatious order) are appealed directly to Federal District Courts; i.e., the "non-final vexatious order" deprived the Plaintiff of a final state court judgment on the merits of the "non-final vexatious order" by setting conditions on the vindication of Plaintiff's federal rights in the face of the Supremacy Clause; See generally *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983).  *Green v. Jefferson County Comm'n*, 563 F.3d 1243, 1249 (11th Cir.), cert. denied, 130 S. Ct. 199 (2009).

Non final orders where there has been no adequate opportunity for state appellate review of the proceedings, are not inextricably intertwined with a state court order, are not subject to Rooker, and are appealed directly to the District Courts. *Nicholson v. Shafe* 558 F. 3d 1266 (11th Cir. 2009) Citing Amos Test: *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003); citing *David Vincent, Inc. v. Broward County*, 200 F.3d 1325, 1332 (11th Cir.2000); citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F. 3d 17, 24-25 (1st Cir. 2005)

"It [Rooker Doctrine] **does not apply, however, where a party did not have a "reasonable opportunity"** to raise his federal claim in state proceedings." [*Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) Citing *Powell v. Powell*, 80 F.3d 467 (11th Cir.1996); these cases (of little relevance to Plaintiff's nonfinal order) concerned *final* state court orders; however, Rooker was still not applicable **where a party did not have a "reasonable opportunity"** to raise his federal claim in state proceedings.]

**Plaintiff's _In Forma Pauperis_ status deprived the Plaintiff of adequate opportunity to file the his Federal**

**Claim in the Flagler County Seventh Circuit Court:** This District Court should be appraised that Plaintiff's claim in the Federal District Court is a result of his poverty for which he was granted leave to proceed _in forma pauperis_ in the underlying Flagler County Seventh Circuit Court claim and federal case 3:14-cv-00812-BJD-PDB, i.e., the impetus of each COUNT of Plaintiff's claim. [WITH EMPHASIS] Because the Plaintiff was/is insolvent, Defendants' misconduct (vis-à-vis state statute 68.093) denied Plaintiff adequate opportunity to file his federal claims in Flagler County Seventh Circuit Court or obtain a final judgment on these federal claims from the State Supreme Court. The Plaintiff's claim turns on his right to proceed in forma pauperis as it was poverty that prevented his federal claim in the Flagler County Seventh Circuit. Plaintiff's impoverished condition deprived him of reasonable opportunity to file his federal claim in the Flagler County Seventh Circuit.

Challenging the well established sequencing or ordering, this District Court has previously denied subject matter jurisdiction ➡ to deny Plaintiff's IFP status ➡ to deny plaintiff's claim. There is no case authority permitting this sequence or ordering considering a _pro se_ Plaintiff proceeding _in forma pauperis_. For instance See Case No. 3:14-cv-00794-BJD-MCR Doc. 25 at 1 n. 1, the order citing authority [_Kirkland v. Midland Mortg. Co._, 243 F.3d 1277, 1279-1280 (11th Cir. 2001); _Univ. of S. Ala. v. Am. Tobacco Co._, 168 F.3d 405, 410 (11th Cir. 1999)] that make no reference to a _pro se_ Plaintiff proceeding _in forma pauperis_. As such, the citations considering only well-heeled parties, are irrelevant to the matter under consideration. This court abuses discretion in reference authority that does not support its proposition. – [14] Fortunately, that reprieve is backwards, as opposed to Plaintiff's claim stating that due to Plaintiff's insolvency ➡ the Defendant's used state statute 68.093 to dismiss Plaintiff's matter (violating 68.093(4), i.e., dismissal of an ongoing Claim under 68.093 is impermissible) and order financial ''conditions'' (violating state statutes 27.52, 57.081; and Federal 28 U.S.C. 1915 (in Forma Pauperis)) ➡ to deny Plaintiff adequate opportunity to file his constitutional claims or

[14] [_United States v. Varma_, No. 07-20904, Court of Appeals (5th Circuit 2008); where misrepresentation of authority forecloses an argument]

obtain a final state court judgment on federal issues (violating the Supremacy Clause and the Equal Protection Clause); ➔ foreclosing both Younger and Rooker doctrines. "Experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113 (1993)

The Plaintiff filed his MOTION for Leave to Proceed *in forma pauperis* and his AFFIDAVIT of indigency consistent with his filing to proceed *in forma pauperis* granted in state court. It would be an absence of discretion for a Judge not to analyze the facts described in these documents; which is his lawful <u>first</u> obligation. -[15]   Neither the Flagler County Seventh Circuit Court nor the Federal District Court may take advantage of Plaintiff's poverty to deny Plaintiff's federal rights in the face of state statutes 27.52, 57.081; and federal 28 U.S.C. 1915 (*In Forma Pauperis*). This is in strict violation of 28 U.S.C. 1915.

> "In enacting the federal *in forma pauperis* statute, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs"" of litigation. [*Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); Citing *Adkins* v. *E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)]

In *Boddie v. Connecticut* 401 U.S. 371, 383-386, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) Justice Douglas regarding raising financial barriers to the insolvent wrote:

> "Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the Defendant, are repugnant to the Constitution. *Roberts* v. *LaVallee*, 389 U. S. 40, 42. See also *Williams* v. *Oklahoma City*, 395 U. S. 458; *Long* v. *District Court of Iowa*, 385 U. S. 192; *Draper* v. *Washington*, 372 U. S. 487"

"<u>The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review.</u>" -[16]   Accordingly, it is well established that prior orders are inconsistent with 28

---

[15]      *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40, 69 S.Ct. 85, 88-89, 93 L.Ed. 43 (1948) and the Eleventh Circuit *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004), where "if the affidavit is sufficient on its face to demonstrate economic eligibility, the court should "first" docket the case and then proceed to the question of whether the asserted claim is frivolous" and "the only determination to be made ... is whether the statements in the affidavit satisfy the requirement of poverty." [*NOT* whether the claim is dismissible under 28 U.S.C. § 1915(e)(2) or FED. R. CIV. P. 12(H)(3)]

[16]      28 U.S.C. § 1915(a)(1) *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) Citing *O'Neal v. United States*, 411 F.2d 131, 138 (5th Cir.1969); *Phipps v. King*, 866 F.2d 824, 825 (6th Cir.1988); *Besecker v. State of Ill.*, 14 F.3d 309, 310 (7th Cir.1994) (per curiam)

U.S.C. 1915 and authority running rough shod over Plaintiff's right for consideration to proceed *in forma pauperis*. A court would abuse its discretion in denying a motion (with affidavit) for leave to proceed *in forma pauperis* without analysis or explanation.

To divest itself of its responsibility to provide the Plaintiff protection under the Supremacy Clause and the Equal Protection Clause considering Fla. Stats. 68.093(4) (Vexatious); 51.011, Fla. R. Civ. P. 1.430, and, Fla. Const. Art. I, Sec. 22 (Jury Trial); the Defendant's (taking advantage of Plaintiff's insolvency) used state statute 68.093 in the face of the Supremacy Clause specifically to dismiss Plaintiff's claim in the state matter (Doc. 11, 11-2) and to prevent the Plaintiff from filing constitutional claims in the Flagler County Seventh Circuit Court. The Supremacy Clause of Article VI of the United States Constitution mandates that states must provide hospitable forums for federal claims and the vindication of federal rights. [*Felder v. Casey*, 487 U.S. 131, 147 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988); and its progeny, Where state statute (like Fla. Stat. 68.093) cannot "place conditions" on the individual's federal claim] As elucidated in *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 713 (1985)], the U.S. constitution and laws take priority over the State's as set forth in the Supremacy Clause (Art. VI, Cl. 2).

Under a District Court's mandate to provide for the evenhanded administration of justice, a District Court lacks discretion by act or omission to deprive Plaintiff of a grant to proceed *in form pauperis* secured by 28 U.S.C. § 1915 a law of the United States by first declaring lack of subject matter jurisdiction. (For instance see Case No. 3:14-cv-00794-BJD-MCR Doc. 25 at 1 n. 1)

When a court considers a request to proceed *in forma pauperis*, "<u>**the only determination to be made** ... is whether the statements in the affidavit satisfy the requirement of poverty</u>." [*Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)] "Absent a serious misrepresentation", the court must accept an affidavit that addresses the statutory language, and the affidavit will be sufficient if it shows that the applicant cannot both pay the court costs and fees and provide necessities for himself and his dependents. *Id.* If the affidavit "is sufficient on its face to demonstrate economic eligibility, the court should <u>**first**</u> docket the case and then proceed

**Page 19 of 32**

to the question of whether the asserted claim is frivolous". *Id.* Clearly, it is understood, that when the case is docketed the case has commenced axiomatically and leave to proceed *in form pauperis* has been granted.–[17]

In the face of section 1915 and the above authority an order denying a grant for leave to proceed *in forma pauperis* while showing no "serious misrepresentation;" is legally insufficient.

**In case 3:14-cv-00812-BJD-PDB Doc. 16 at 2-3, the Judge has confirmed Plaintiff's *prima facie* grant for leave to proceed *in forma pauperis*, Honorable Judge Patricia D. Barksdale stating:**

> According to an affidavit that Mr. Macleod has submitted with his request to proceed in forma pauperis, he does not have dependents; he has not been employed for several years; he does not have savings; he owns a house that is in foreclosure, a $2500 motorcycle, and a $3000 car; he gets $180 a month in public assistance, $45 a month as a pension, and $1163 a month in social-security benefits; and he pays $3230 a month for necessities (mortgage payment, food, and the like). Docs. 2, 3. He has defaulted on a $50,000 debt. Doc. 3 at 5.

> Based on that information, the Court finds that Mr. Macleod cannot both pay the fees and provide necessities for himself because, even without having to pay the fees, his expenses and liabilities exceed his income and worth. Accordingly, he has demonstrated eligibility under section 1915, and the Court grants his request to proceed in forma pauperis, Docs. 2, 11 ¶3.

To have a "**Proceeding** in forma pauperis" a party must first receive a *prima facie* grant for leave to proceed *in forma pauperis* before the case can be docketed or commenced pursuant to section 1915 and authority.

Accordingly, under this Court's mandate to provide for the evenhanded administration of justice a district court lacks discretion by act or omission to unsettle that which has been settled "Absent a serious misrepresentation." The District Court lacks discretion to deny Plaintiff's *Motion to Proceed In Forma Pauperis* with Affidavit without showing a "serious misrepresentation." The District Court has shown no "serious misrepresentation."

7)   Venue is proper in this district pursuant to Rule 1.02, Divisions of the Court, (a) 28 U.S.C. Section 89, (b)(1) the Flagler County is designated in the Jacksonville Division, and, (c) as the claim arose in Flagler County.

---

[17] *Ibid.*

## STATEMENT OF FACTS

8)   Plaintiff's § 1983 Complaint considers a nonfinal appealable, plainly labeled "Flagler County Seventh Circuit vexatious litigant order" (Doc. 11, 11-2).

9)   Only a Federal District Court has jurisdiction to determine federal claims considering a nonfinal appealable "Flagler County Seventh Circuit vexatious litigant order" (Doc. 11, 11-2).

10)   Plaintiff claims that the Defendants acting under color of authority injured the Plaintiff by issuing a nonfinal appealable "Flagler County Seventh Circuit vexatious litigant order" (Doc. 11, 11-2) to deprive Plaintiff of entitlements provided under the Supremacy Clause of Article VI of the United States Constitution and the Equal Protection Clause of the 14th Amendment which secure protections offered under state law, rules, constitution and authority.

11)   Plaintiff's claims his constitutional claims were not given "adequate opportunity" to be raised in the state court forum by the Defendants acting under color of authority through their agents.

12)   The plaintiff filed a claim (2011 CA 0112) on January 26th, 2011, against the Defendant's State Attorney (acting outside his advocative functions) seeking remedy at law for loss of employment compensation, actual emotional damages, punitive award, legal fees, *et al*, alleging violations of Florida Statute and the State Constitution for warrantless false arrest, imprisonment and unreasonable seizure of personal property in non-exigent circumstances without investigation, knowledge of a crime (or crime scene) or establishment of probable cause, *et al*.

13)   On January 26th, 2011, without means for court costs, legal fees, bonds or counsel; the Plaintiff provided financial statements to the Flagler County Seventh Circuit Court as required by Fla. Stat. 27.52.

14)   On January 26th, 2011, Plaintiff was granted leave to proceed *in forma pauperis* by the Flagler County Seventh Circuit Court.

15)   To all those than similarly situated to the Plaintiff, under Fla. Stat. 57.081 prepayment of costs, payment of filing fees, and cost, security fees, bonds, and, appointed counsel, *et al*, are waived, by the Flagler County Seventh Circuit Court.

16)   The Plaintiff could not obtain any court time from the Flagler County Seventh Circuit Court to vindicate his claim.

17)  On September 5th, 2012, Plaintiff demanded a jury trial on the face of his amended complaint secured by state statute and constitution, and, voluminous case authority.

18)  For similarly situated parties, the State of Florida (pursuant to its constitution, laws, rules and well established authority) has granted a jury trial when demanded on the face of a claim seeking remedy at law.

19)  The Constitution of the state of Florida permits similarly situated parties proceeding *in forma pauperis* to obtain court time to vindicate a state right.

20)  The Constitution of the state of Florida permits similarly situated parties proceeding *in forma pauperis* to obtain court time to vindicate a federal right.

21)  On May 10th, 2013, Plaintiff noticed the Flagler County Seventh Circuit Court of his intent to file a § 1983 action to place constitutional claims.

22)  On May 13th, 2013, citing Fla. Stat. 68.093, the Flagler County Seventh Circuit Court responded declaring the Plaintiff "Vexatious" issuing a "non-final, appealable vexatious litigant order".

23)  The Flagler County Seventh Circuit Court Vexatious Order dismissed Plaintiff's years old 2011 CA 000112 ongoing claim before the vindication of his claim on the merits.

24)  It appears that the Defendants' agents declared the Plaintiff "Vexatious" as a calculated maneuver to specifically deny the Plaintiff's right to vindicate his claim on the merits.

25)  If the Plaintiff was not indigent and possessed resources he could have continued his claim in the Flagler County Seventh Circuit Court pursuant to the Flagler County Seventh Circuit Court Vexatious Order.

26)  It appears that the Defendants' agents declared the Plaintiff "Vexatious" as a calculated maneuver to specifically deny the Plaintiff's right to vindicate his federal claims.

27)  If the Plaintiff was not indigent and possessed resources he could have continued his claim in the Flagler County Seventh Circuit Court pursuant to the Flagler County Seventh Circuit Court Vexatious Order.

28)  To all those than similarly situated, in pertinent part, Fla. Stat. 68.093(4) does not permit the sanction of an ongoing claim.

29)  Plaintiff was treated differently under Fla. Stat. 68.093(4) than those similarly situated.

30)  For all those similarly situated, it has been well established by authority that Fla. Stat. 68.093(4) does not countenance dismissing an ongoing action.

31)   The Flagler County Seventh Circuit Court placed conditions (i.e., payment of court fees, procurement of legal counsel and payment of $1,500 security) on the vindication of Plaintiff's 2011 CA 000112 ongoing claim.

32)   If the Plaintiff was not indigent and possessed resources he could have continued his claim in the Flagler County Seventh Circuit Court pursuant to the Flagler County Seventh Circuit Court Vexatious Order.

33)   The Flagler County Seventh Circuit Court placed conditions (i.e., payment of court fees, procurement of legal counsel and payment of $1,500 security) on the vindication of any future action by the Plaintiff.

34)   If the Plaintiff was not indigent and possessed resources he could have continued his claim in the Flagler County Seventh Circuit Court pursuant to the Flagler County Seventh Circuit Court Vexatious Order.

35)   The Flagler County Seventh Circuit Court placed conditions (i.e., payment of court fees, procurement of legal counsel and payment of $1,500 security) on the vindication Plaintiff's federal rights.

36)   If the Plaintiff was not indigent and possessed resources he could have continued his claim in the Flagler County Seventh Circuit Court pursuant to the Flagler County Seventh Circuit Court Vexatious Order.

37)   The nominal appealable Flagler County Seventh Circuit Court Vexatious Order directed the Flagler County Seventh Circuit clerk to deliberately deny the Plaintiff (proceeding *in forma pauperis*) from placing any claim in the Flagler County Seventh Circuit unless he met certain conditions; i.e., paid court fees, obtained legal counsel and paid $1,500 security of any future action.

38)   If the Plaintiff was not indigent and possessed resources he could have continued his claim in the Flagler County Seventh Circuit Court pursuant to the Flagler County Seventh Circuit Court Vexatious Order.

39)   On June 5th, 2013, the Flagler County Clerk refused to accept plaintiff's 42 USC § 1983 claim in the Flagler County Seventh Circuit forum.

40)   Plaintiff alleges, as poverty stricken, proceeding *in forma pauperis*, he did not have adequate opportunity to pay court fees, obtain legal counsel and pay a $1,500 security bond to vindicate Plaintiff's 2011 CA 000112 ongoing claim.

41) Plaintiff alleges, as poverty stricken, proceeding *in forma pauperis*, he did not have adequate opportunity to pay court fees, obtain legal counsel and pay a $1,500 security bond to vindicate his federal constitutional claims.

42) Plaintiff alleges, as poverty stricken, proceeding *in forma pauperis*, he did not have adequate opportunity to pay court fees, obtain legal counsel and pay a $1,500 security bond to appeal the Flagler County Seventh Circuit Court Vexatious Order.

43) The Supreme Court has directed that the Supremacy Clause of Article VI of the United States Constitution provides that "States retain the authority to prescribe the rules and procedures governing suits in their courts... that authority does not extend so far as to permit States to place conditions on the vindication of a federal right."

44) The Supremacy Clause of Article VI of the United States Constitution does not permit a state to place conditions on the individual's federal claim.

45) Federal law requires the Defendants to provide "adequate or reasonable opportunity" to vindicate Plaintiff's § 1983 action in the state court forum.

46) The Equal Protection Clause of the United States Fourteenth Amendment commands that no State or Defendant, licensed to ensure equal protection under its laws, shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.

47) The Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution provides for equal protection under the law to those similarly situated secured by 42 U.S.C. § 1983.

48) The Due Process Clause of the Fourteenth Amendment to the Federal Constitution provides for due process protection under the law secured by 42 U.S.C. § 1983.

49) Federal law requires the District Courts to provide a forum for constitutional claims when a party is denied adequate opportunity to proceed with the vindication of federal claims by the Flagler County Seventh Circuit barring access to a higher state court.

50) Fla. Stat. 51.011, Fla. R. Civ. P. 1.430, and, Fla. Const. Art. I, Sec. 22, provides for a jury trial when demanded by a party seeking remedy at law in an ongoing claim.

51) Fla. Stat. 27.52, Fla. Stat. 57.081 and 28 U.S.C. § 1915 provides court access to the poor for the vindication of state and federal rights.

52) Plaintiff's claim seeking remedy at law has not been vindicated.

53) The Defendant's dismissed the Plaintiff's claim without first determining the merits.

54) It appears there were material irregularities in the proceedings incident to the vindication of Plaintiff's claim, 2011 CA 000112.

55) It appears that for no legitimate governmental purpose the Defendants used Plaintiff's poverty and state statute to deprive the Plaintiff of the fundamental rights and protections provided the Plaintiff under the Supremacy Clause of Article VI of the United States Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment; and, secured under federal law 42 U.S.C. § 1983 which secures to the Plaintiff equal protection under the Florida Vexatious Litigant Statute, *in forma pauperis* statutes and jury trial statutes as those similarly situated in the State of Florida.

## COUNT 1: STRICT LIABILITY FOR STATUTORY VIOLATION OF THE  SUPREMACY CLAUSE ARTICLE VI, CL 2 UNDER TITLE 42 USC § 1983: THE DEFENDANTS ARE NOT PERMITTED TO PLACE CONDITIONS ON THE VINDICATION OF A FEDERAL RIGHT

56)   Plaintiff incorporates by way of reference §§ 1-55.

57)   The Defendants' conduct placed conditions on the vindication of Plaintiff's Federal rights. The Defendants used state statute 68.093 to place conditions on the vindication of the Plaintiff's federal § 1983 claim in the state court forum and thereby transgressed the U.S. Supremacy Clause of Article VI of the U.S. Constitution. -[18] The plaintiff was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment. Defendants' conduct failed to ensure plaintiff protection under the U.S. Supremacy Clause of Article VI of the U.S. Constitution.  Such conduct is actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

58)   The Governor and Attorney General of the State of Florida, as defendants, acted under color of law.

59)   Governor and Attorney General of the State of Florida, as defendants, charged directly with ensuring plaintiff's civil rights under the U.S. Supremacy Clause of Article VI of the U.S. Constitution secured by Title 42 USC § 1983, proximately caused deprivation of  plaintiff's entitlement to protection under the Supremacy Clause (Art. VI, Cl. 2).

60)   Plaintiff has demonstrated that he was deprived of entitlement to protection under the Supremacy Clause (Art. VI, Cl. 2) secured by the United States Constitution secured by Title 42 USC § 1983.

61)   The Governor of the State of Florida, in his official capacity responsible to procure and secure protection to life, liberty, and property of the inhabitants of the state; and, the Attorney General the Chief Legal Officer of the State of Florida, in her official capacity charged to ensure the civil rights of Floridians; as defendants, are liable for prospective declaratory and injunctive relief under Title 42 USC § 1983.

---

[18]   Title 42 USC § 1983 secures the Supremacy Clause of Article VI of the U.S. Constitution which mandates that states must provide hospitable forums for federal claims and the vindication of federal rights. [*Felder v. Case*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988); Where state statute cannot place conditions on the individual's federal claim] As elucidated in *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 713 (1985)], the U.S. constitution and laws take priority over the State's as set forth in the Supremacy Clause (Art. VI, Cl. 2)

## COUNT 2: STRICT LIABILITY FOR STATUTORY VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER TITLE 42 USC § 1983: PROHIBITING A § 1983 CLAIM IN THE STATE COURT FORUM IS IMPERMISSIBLE

62) Plaintiff incorporates by way of reference §§ 1-55.

63) The defendants conduct failed to provide "adequate or reasonable opportunity" to hear plaintiff's § 1983 action in the state court forum by invoking Fla. Stat. 68.093 (see "In Re Pro Se Litigant Robert Craig MacLeod") to bar the plaintiff from filing his constitutional challenges. The Equal Protection Clause of the Fourteenth Amendment does not permit barring the plaintiff from filing his constitutional challenges in the State Court under Fla. Stat. 68.093. The plaintiff was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment. Defendants' conduct failed to ensure plaintiff equal protection under the law. Such conduct is actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

64) The Governor and Attorney General of the State of Florida, as defendants, acted under color of law.

65) Governor and Attorney General of the State of Florida, as defendants, charged directly with ensuring plaintiff's civil rights pursuant to the Fourteenth Amendment secured by Title 42 USC § 1983, proximately caused deprivation of plaintiff's entitlement to equal protection under the law.

66) Plaintiff has demonstrated that he was deprived of entitlement to equal protection under the law secured by the United States Constitution, Fourteenth Amendment secured by Title 42 USC § 1983.

67) The Governor of the State of Florida, in his official capacity responsible to procure and secure protection to life, liberty, and property of the inhabitants of the state; and, the Attorney General the Chief Legal Officer of the State of Florida, in her official capacity charged to ensure the civil rights of Floridians; as defendants, are liable for prospective declaratory and injunctive relief actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

## COUNT 3: STRICT LIABILITY FOR STATUTORY VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER TITLE 42 USC § 1983: DISMISSAL OF AN ONGOING CLAIM UNDER FLA. STAT. 68.093 IS IMPERMISSIBLE

68)  Plaintiff incorporates by way of reference §§ 1-55.

69)  The defendants conduct failed to prevent arbitrary dismissal, under Fla. Stat. 68.093, of plaintiff's ongoing claim, where the express instructions of the statute do not permit dismissal of an "ongoing claim" under Fla. Stat. 68.093(4) (see "In Re Pro Se Litigant Robert Craig MacLeod").[19] The plaintiff was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment. Defendants' conduct failed to ensure plaintiff equal protection under the law. Such conduct is actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

70)  The Governor and Attorney General of the State of Florida, as defendants, acted under color of law.

71)  Governor and Attorney General of the State of Florida, as defendants, charged directly with ensuring plaintiff's civil rights pursuant to the Fourteenth Amendment secured by Title 42 USC § 1983, proximately caused deprivation of plaintiff's entitlement to equal protection under the law.

72)  Plaintiff has demonstrated that he was deprived of entitlement to equal protection under the law secured by the United States Constitution, Fourteenth Amendment secured by Title 42 USC § 1983.

73)  The Governor of the State of Florida, in his official capacity responsible to procure and secure protection to life, liberty, and property of the inhabitants of the state; and, the Attorney General the Chief Legal Officer of the State of Florida, in her official capacity charged to ensure the civil rights of Floridians, as defendants, are liable for prospective declaratory and injunctive relief actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

---

[19]  Doc. 11, 11-2 at 2 ¶ 2; Also see *Walker v. Ellis*, 989 So.2d 1250, 1251, 1252 (Fla. 1st DCA 2008), and, *Walker v. McNeil*, 2 So. 3d 1068, 1069 (Fla. 1st DCA 2009); Where dismissal of an ongoing claim is not permitted by Fla. Stat. 68.093.

**COUNT 4: STRICT LIABILITY FOR STATUTORY VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER TITLE 42 USC § 1983: DENIAL OF A JURY TRIAL IS IMPERMISSABLE UNDER FLA. STAT. 51.011, FLA. R. CIV. P. 1.430, AND FLA. CONST. ART. I, SEC. 22**

74)   Plaintiff incorporates by way of reference §§ 1-55.

75)   Defendants' dismissal, citing Fla. Stat. 68.093, of plaintiff's ongoing claim (where an ongoing claim cannot be dismissed by Fla. Stat. 68.093) denied the virtues of a demanded jury trial for plaintiff's ongoing claim seeking remedy at law which is a violation of Fla. Stat. 51.011, Fla. R. Civ. P. 1.430, and Fla. Const. Art. I, Sec. 22, Jury Trial. – [20] The plaintiff was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment. Defendants' conduct failed to ensure plaintiff equal protection under the law. Such conduct is actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

76)   The Governor and Attorney General of the State of Florida, as defendants, acted under color of law.

77)   Governor and Attorney General of the State of Florida, as defendants, charged directly with ensuring plaintiff's civil rights pursuant to the Fourteenth Amendment secured by Title 42 USC § 1983, proximately caused deprivation of plaintiff's entitlement to equal protection under the law.

78)   Plaintiff has demonstrated that he was deprived of entitlement to equal protection under the law secured by the United States Constitution, Fourteenth Amendment secured by Title 42 USC § 1983.

79)   The Governor of the State of Florida, in his official capacity responsible to procure and secure protection to life, liberty, and property of the inhabitants of the state; and, the Attorney General the Chief Legal Officer of the State of Florida, in her official capacity charged to ensure the civil rights of Floridians, as defendants, are liable for prospective declaratory and injunctive relief actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

---

[20]   Fla. Stat. 68.093; Fla. Stat. 51.011, Jury Trial, Fla. R. Civ. P. 1.430, Jury Trial, and Fla. Const. Art. I, Sec. 22, Jury Trial. Norris v. Paps, 615 So.2d 735, 737 (Fla. 2nd DCA 1993) Citing Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963); Dukes v. Trustbank Sav.; F.S.B. 567 So.2d 958 (Fla. 2nd DCA 1990); and Cited by Mims v. MEISTER FINANCIAL GROUP, INC. 97 So. 3d 926 (Fla. 4th 2012); Yet Cf. Tison Mfg. v. Wimberly 962 So.2d 995, 996 (Fla. 5th DCA 2007); and, Orange Lake Country Club, Inc. v. Levin, 645 So. 2d 60, 62 (Fla. 5th DCA 1994) "Where a claim seeking legal remedy at law must be heard by jury trial when demanded." The plaintiff deemed the Due Process the grounds for relief to the Equal Protection Clause as recommended by Justice Douglas in Boddie v. Connecticut 401 U.S. 371, 384-385, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), on the ground that the equal protection clause rather than the due process clause is the more specific guarantee of a jury trial or basis for decision.

**COUNT 5: STRICT LIABILITY FOR STATUTORY VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER TITLE 42 USC § 1983; DENIAL OF RIGHTS OF THE POOR TO COURT ACCESS IS IMPERMISSABLE UNDER 28 U.S.C. § 1915, FLA. STATS. 27.52 AND 57.081 AND § 1915**

80)   Plaintiff incorporates by way of reference §§ 1-55.

81)   Defendants' dismissal, citing Fla. Stat. 68.093, of plaintiff's ongoing claim (where an ongoing claim cannot be dismissed by Fla. Stat. 68.093) arbitrarily denied the protections offered the poor under Fla. Stat. 27.52, Fla. Stat. 57.081 and § 1915 obstructing plaintiff's ongoing concern and denying plaintiff's Title 42 USC § 1983 claim in the state forum (see "In Re Pro Se Litigant Robert Craig MacLeod"). The plaintiff was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment. Defendants' conduct failed to ensure plaintiff equal protection under the law. Such conduct is actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

82)   The Governor and Attorney General of the State of Florida, as defendants, acted under color of law.

83)   Governor and Attorney General of the State of Florida, as defendants, charged directly with ensuring plaintiff's civil rights pursuant to the Fourteenth Amendment secured by Title 42 USC § 1983, proximately caused deprivation of plaintiff's entitlement to equal protection under the law.

84)   Plaintiff has demonstrated that he was deprived of entitlement to equal protection under the law secured by the United States Constitution, Fourteenth Amendment secured by Title 42 USC § 1983.

85)   The Governor of the State of Florida, in his official capacity responsible to procure and secure protection to life, liberty, and property of the inhabitants of the state; and, the Attorney General the Chief Legal Officer of the State of Florida, in her official capacity charged to ensure the civil rights of Floridians; as defendants, are liable for prospective declaratory and injunctive relief actionable under the Fourteenth Amendment secured by Title 42 USC § 1983.

## REQUESTED RELIEF:

In accordance with plaintiff's civil rights protected by Title 42 USC § 1983, the Plaintiff requests the following declaratory and injunctive relief:

86)   GRANT jurisdiction in compliance with 42 U.S.C. § 1983 and federal question jurisdiction, 28 U.S.C. § 1331, where a case clearly arises under the Constitution for purposes of § 1331 when the Plaintiff claims, for example, that a government officer or employee, acting in his or her official capacity, injures the plaintiff by taking an action that violates a provision of the Constitution. The federal question jurisdiction of the *district courts* also encompasses causes of action created by federal statutes, such as 42 U.S.C. § 1983, which explicitly authorizes a private remedy for acts that are taken under color of state law and violate rights secured by federal law. [21]

87)   GRANT that the state court forum comply with the U.S. Supremacy Clause of Article VI of the U.S. Constitution, where the state statute cannot place conditions on the vindication of the individual's federal claim. [22]

88)   GRANT plaintiff's matter equal protection under the law where Fla. Stat. 68.093 does not permit barring the plaintiff from filing his constitutional challenges in the state court forum and federal law Title 42 USC § 1983 requires the filing of constitutional challenges in the state court forum; i.e., the states are required to comply with federal law. [23]

[21] Federal Practice Manual for Legal Aid Attorneys 2.3.B [Grable and Sons Metal Products v. Darue Engineering and Manufacturing, 545 U.S. 308, 312 (2005), and its progeny]. In such cases, federal law both creates the cause of action, supplying the underlying substantive rules that govern defendants' conduct, and authorizes Plaintiffs to enforce the rights created. The Plaintiff has plainly stated on the face of his complaint that a government officer or employee, acting in his or her official capacity, injured the plaintiff by taking an action that violates provisions of the Constitution.

[22] Title 42 USC § 1983 secures the Supremacy Clause of Article VI of the U.S. Constitution which mandates that states must provide hospitable forums for federal claims and the vindication of federal rights. [Felder v. Casey, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)] Where state statute cannot place conditions on the individual's federal claim] As elucidated in Hillsborough County, Fla. v. Automated Medical Laboratories, Inc., 471 U.S. 707, 713 (1985)], the U.S. constitution and laws take priority over the State's as set forth in the Supremacy Clause (Art. VI, Cl. 2], "States retain the authority to prescribe the rules and procedures governing suits in their courts. That authority does not extend so far as to permit States to place conditions on the vindication of a federal right." [Felder, id. at 147 and Syllabus, Pp. 487 U.S. 146-150]

[23] Ibid.

89)   **GRANT** plaintiff's matter equal protection under the law where Fla. Stat. 68.093(4) protects ongoing concerns from dismissal.

90)   **GRANT** plaintiff's matter equal protection under the law provided by Fla. Stat. 51.011, Fla. R. Civ. P. 1.430; and, Fla. Const. Art. 1, Sec. 22, Jury Trial; a trial by jury.

91)   **GRANT** plaintiff's matter equal protection under the law provided by Fla. Stat. 27.52, Fla. Stat. 57.081 and § 1915; protections offered the poor, waiving prepayment of costs payment of filing fees and cost, security fees, bonds; and, providing appointed counsel, *et al.*

### AND/OR

92)   **GRANT** that the United States District Court provides any and all relief within its jurisdiction to facilitate the aforementioned matter.

**UNDER PENALTIES OF PERJURY,** Plaintiff declares that plaintiff wrote the foregoing and that it is completely and verifiably true.

**FURTHER AFFIANT SAYETH NOT** Executed this 26th day of June, 2015

ROBERT CRAIG MACLEOD, Affiant, Plaintiff, *Forma Pauperis Pro Se*
34 Russman Lane
Palm Coast, FL 32164

(386) 334-0864